# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

NICHOLAS RENDON,
an individual,

                                 Case No.:

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
a national association,
BENJI AUTO SALES CORP.,
a Florida profit corporation,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

      Defendants.

_____/

## COMPLAINT

**COME NOW**, Plaintiff, NICHOLAS RENDON (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, JPMORGAN CHASE BANK, N.A. (hereinafter, "JPMCB"), BENJI AUTO SALES CORP. (hereinafter, "BAS"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.    This is an action brought by individual consumers for damages for

JPMCB's violation of the Fair Credit Reporting Act ("FCRA") wherein JPMCB unlawfully reported an alleged car loan account as past due in Plaintiff's consumer credit files as maintained by Experian and Transunion.

2.      More specifically, despite Plaintiff advising JPMCB that BAS—not Plaintiff—was responsible for making the payment resulting an alleged late payment, and after Plaintiff disputed JPMCB's reporting of such erroneous information directly to Experian, Equifax, and Trans Union, JPMCB *continued* to report the account as thirty (30) days late.

3.      Furthermore, this is an action for damages for Experian's and TransUnion's violations of the Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") FCRA wherein Experian and TransUnion each continued to incorrectly report Plaintiff as the individual responsible for the alleged JPMCB account after Plaintiff repeatedly advised that such account was not past due, and after Plaintiff provided information to Experian and TransUnion proving the same.

4.      Finally, this is an action against BAS for breach of contract.

## JURISDICTION, VENUE & PARTIES

5.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*, and supplemental jurisdiction exists permitting Plaintiff's breach of contract claims

pursuant to 28 United States Code, Section 1367.

6.      Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

7.      Venue is proper in this District as the acts and transactions described herein occur in this District.

8.      At all material times herein, Plaintiff is a natural person residing in Marion County, Florida.

9.      At all material times herein, JPMCB does business in Florida.

10.     At all material times herein, BAS does business in Florida.

11.     At all material times herein, BAS is a Florida profit corporation existing under the laws of the state of Florida, with its principal place of business located at 3805 S St. Rd 7, West Park, FL 33023.

12.     At all material times herein, JPMCB is a national association with its principal place of business located at 111 Polaris Parkway, Columbus, OH 43240.

13.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

14.     At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

15.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

16.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

17.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

18.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

19.    Under the FCRA, if, after any reinvestigation of any information

4

disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

20.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

21.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100

and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

22.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

23.     At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c).

24.     At all material times herein, JPMCB, itself and through its subsidiaries, regularly extends contracts for automobile loans—to consumers residing in Marion County, Florida.

25.     At all material times herein, JPMCB is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

26.     At all material times herein, JPMCB reports information concerning an alleged automobile loan referenced by account number 123355XXXXXX3507 (hereinafter, the "Alleged Debt" or the "Account").

27.    At all material times herein, JPMCB furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

28.    At all material times herein, Experian and TransUnion are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian and Trans Union each disburse such consumer reports to third parties under contract for monetary compensation.

29.    At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

30.    All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

## CREATION OF THE ALLEGED DEBT

31.    Prior to June 2024, Plaintiff entered into an automobile loan contract with JPMCB.

32.     On or about June 16, 2024, Plaintiff purchased a new automobile from BAS.

33.     As part of the transaction with BAS, Plaintiff traded in his previous automobile—secured by the loan/Account owed to JPMCB —to BAS.

34.     Most importantly, as part of the purchase transaction and corresponding contract, BAS agreed to pay off the remaining loan balance owed to JPMCB within ten (10) business days, by June 26, 2024.

35.     Notwithstanding, BAS failed to pay the remaining loan balance to JPMCB in a timely manner as required by the contract, and as a result, the loan was allegedly paid to JPMCB more than thirty (30) days late.

36.     As a result of BAS's mistake, JPMCB considered the loan more than thirty (30) days past due and reported the Account as thirty (30) days past due to Experian, Equifax, and TransUnion.

**PLAINTIFF'S DISPUTES TO JPMCB REGARDING THE
ACCOUNT AND JPMCB, EXPERIAN, EQUIFAX,
AND TRANSUNION'S DISPUTE RESPONSES**

37.     On or about June 30, 2020, Plaintiff received an alert that JPMCB reported the Account as thirty (30) days past due on Plaintiff's credit reports as maintained by Experian, Equifax, and Trans Union.

38.     More specifically, Experian reported the Account as thirty (30 days) past due for the months of August 2024 and September 2024 on Plaintiff's credit

report and in Plaintiff's credit file.

39.    Similarly, Trans Union reported the Account as thirty (30 days) past due for the months of June 2024 and August 2024 on Plaintiff's credit report and in Plaintiff's credit file.

40.    Lastly, Equifax reported the Account as thirty (30 days) past due for the month of August 2024 on Plaintiff's credit report and in Plaintiff's credit file.

41.    As such, on or about September 19, 2024, Plaintiff, with the assistance of his attorneys, sent a letter to Equifax, Experian, and Trans Union disputing the reporting of the Account and requesting that Equifax, Experian, and Trans Union each remove the late payment remark on the Account's monthly payment history (hereinafter, "First Dispute").

42.    Additionally, Plaintiff attached a copy of the Buyer's Contract for the vehicle from BAS.

43.    Following Plaintiff's First Dispute, Equifax sent a letter to Plaintiff, requesting more information prior to processing Plaintiff's dispute, namely, proof of residency.

44.    On or about October 8, 2024, Experian sent a letter to Plaintiff in response to his First Dispute purportedly verifying its reporting of the Account.

45.    On or about October 8, 2024, Trans Union sent a letter to Plaintiff in response to his First Dispute purportedly verifying its reporting of the Account.

46.    Experian and Trans Union each continued to report the Account as 30 days late for the month of August 2024 on Plaintiff's credit reports.

47.    As such, on or about November 1, 2024, Plaintiff, *again* with the assistance of his attorneys, sent a written dispute to Transunion, Experian, and Equifax (hereinafter, "Second Dispute") and *again* requested Trans Union, Experian, and Equifax to remove the 30-days-late-marks on the Account.

48.    Plaintiff's Second Dispute again included the Buyer's Contract and included a utility bill as proof of residency.

49.    In response to Plaintiff's Second Dispute, Equifax corrected its reporting of the Account.

50.    In response to Plaintiff's Second Dispute, Experian and Trans Union each verified their reporting of the Account as thirty (30) days late.

51.    To date, JPMCB is still reporting the Account with inaccurate late payment information on Plaintiff's Experian and Trans Union reports.

## **DAMAGES**

52.    As a result of Defendants' reporting of the Alleged Debt, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Account reflecting the Alleged Debt asserted as owed by JPMCB if he needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher

interest rates in the event he could obtain financing.

53.    Plaintiff retained Swift Law, PLLC for the purpose of pursuing this matter against Defendants.

54.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against JPMCB, Experian, and Trans Union.

55.    BAS's conduct was a direct and proximate cause of, as well as a substantial factor in, causing serious injuries, damages, and harm to Plaintiff.

56.    As a result of Defendants' conduct, actions, and inactions, Plaintiff were deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, he did not wish to further damage HIS credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

57.    Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to JPMCB that he was not past due on the Account including supplying Defendants with

supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account.

## COUNT ONE:
## BREACH OF CONTRACT
### (As to BAS Only)

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully restated herein and further states as follows:

58.    Plaintiff entered into a contract with BAS in June 16, 2024.

59.    As part of the contract, BAS was to payoff the remaining balance on Plaintiff's vehicle with JPMCB within 10 days.

60.    BAS failed to payoff Plaintiff's JPMCB vehicle within 10 days.

61.    BAS's conduct was a direct and proximate cause of, as well as a substantial factor in, causing serious injuries, damages, and harm to Plaintiff.

62.    BAS's actions and inactions entitle Plaintiff to actual damages as well as attorneys' fees and costs.

## COUNT TWO
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)
### (As to JPMCB Only)

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully restated herein and further states as follows:

63.    JPMCB is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing

inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian and TransUnion delete the Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

64. As described above, BAS is responsible for the past due payment; not Plaintiff.

65. As such, it is materially misleading for JPMCB to continue to report Plaintiff as past due after the same was described in multiple disputes.

66. Despite JPMCB receiving notice of Plaintiff's disputes from Experian, Equifax, and Trans Union—including the information and documents referenced in the above paragraph— JPMCB willfully and/or negligently failed to request that Experian, Equifax, and TransUnion delete the tradeline associated with the Account and continued to report derogatory, late payment information to Experian, Equifax, and TransUnion including significant balances due, and as significantly past-due.

67. JPMCB's credit reporting is materially misleading.

68. JPMCB's re-investigations were not conducted in good faith.

69. JPMCB's re-investigations were not conducted reasonably.

70. JPMCB e's re-investigations were not conducted using all information and documents reasonably available to JPMCB.

71.    As a result of JPMCB's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

72.    JPMCB's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

73.    JPMCB's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
<u>**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**</u>

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully restated herein and further states as follows:

74.    Experian and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

75.    Experian and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

76.    Specifically, despite Plaintiff advising Experian and TransUnion that Plaintiff had never personally made a late payment on the Account— Experian and TransUnion each continued to report the Account as thirty days late following the closing of the Account, resulting in the Account being reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

77.    Further, Experian and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in their Experian and TransUnion credit reports and credit file.

78.    Such reporting of the Account is false and evidences Experian's and TransUnion's failure to establish or follow reasonable procedures to assure the

maximum possible accuracy of Plaintiff's credit reports and credit file.

79.     As a result of Experian's and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

80.     Experian's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

81.     Experian's and TransUnion's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)**

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully

restated herein and further states as follows:

82.    Experian and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files.

83.    Specifically, Experian and TransUnion each willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

84.    Experian and TransUnion did not request any documents from JPMCB corroborating information furnished and verified by JPMCB to Experian and TransUnion regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

85.    As such, Experian's and TransUnion's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

86.    Such reporting is false and evidences Experian's and TransUnion's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

87.    Experian's and TransUnion's reinvestigations of Plaintiff's disputes

were not conducted reasonably.

88.    Experian's and TransUnion's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by JPMCB.

89.    Experian's and TransUnion's reinvestigations of Plaintiff's disputes were not conducted in good faith.

90.    Experian's and TransUnion's reinvestigation procedures are unreasonable.

91.    Experian's and TransUnion's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian and TransUnion.

92.    Experian's and TransUnion's reinvestigations were *per se* deficient by reason of these failures in Experian's and TransUnion's reinvestigations of Plaintiff's disputes and the Account.

93.    As a result of Experian's and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account

being reported as a derogatory, negative, or adverse tradeline account.

94.    Experian's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

95.    Experian's and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)</u>**

Plaintiff re-alleges paragraph one (1) through fifty-seven (57) as if fully restated herein and further states as follows:

96.    Experian and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

97.    Specifically, despite Experian and TransUnion receiving Plaintiff's Disputes— Experian and TransUnion each *continued* to report the Account with derogatory, late payment information, causing the Account to be reported as a

derogatory, negative, or adverse account.

98.    Experian's and TransUnion's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

99.    As a result of Experian's and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

100.    Experian's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

101.    Experian's and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT SIX:**
**FAIR CREDIT REPORTING ACT –**

## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)

Plaintiff re-alleges paragraphs one (1) through fifty-seven (57) as if fully restated herein and further states as follows:

102.   Experian and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

103.   Specifically, despite Experian and TransUnion receiving Plaintiff's Disputes—neither Experian and TransUnion deleted the Account from Plaintiff's credit reports and credit files.

104.   Instead, Experian and TransUnion continued to report derogatory, late payment information regarding the Account.

105.   As a result of Experian's and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

106.   Experian's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

107.   Experian's and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully request an entry of:

      a.    Judgment declaring that BAS breached the contract;

      b.    Judgment against BAS for actual damages;

      c.    Judgment against JPMCB, Experian, Equifax, and Trans Union for maximum statutory damages for violations of the FCRA;

      d.    Actual damages in an amount to be determined at trial;

      e.    Compensatory damages in an amount to be determined at trial;

      f.    Punitive damages in an amount to be determined at trial;

      g.    An award of attorney's fees and costs; and

      h.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby give notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
11300 4th Street North, Suite 260
St. Petersburg, FL  33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*